Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3139 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Cosmetique vs. Robert Haydon Jones & Associates | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to transfer venue (5-1) is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 0 1 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 22 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COSMETIQUE, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 04 C 3139 |
| v. | ) |
| | ) Judge George W. Lindberg |
| ROBERT HAYDON JONES & ASSOCIATES, | ) |
| LLC, and ROBERT HAYDON JONES, | ) |
| | ) |
| Defendants. | ) |

DOCKETED
JUL 01 2004

## MEMORANDUM OPINION AND ORDER

Defendants Robert Haydon Jones & Associates, LLC ("RHJA"), and Robert Haydon Jones ("Jones") seek the transfer of this case to the United States District Court for the District of Connecticut. For the reasons stated below, defendants' motion to transfer is granted.

Unless otherwise noted, the court takes the following facts from plaintiff's amended complaint. According to the amended complaint, Cosmetique is an Illinois corporation with its principal place of business in Vernon Hills, Illinois. Cosmetique sells cosmetics to the general public. According to defendants, RHJA and Jones are Connecticut citizens.

In February 2003, Milton Pappas, the Vice President of Credit Marketing for a New-York-based company named Brylane, sought to contact Cosmetique to propose that Cosmetique use Brylane to sell Cosmetique's products. Pappas called defendant Jones, whom Pappas had been told would know the name of a contact at Cosmetique. Pappas described his proposed marketing transaction to Jones, and asked Jones for the name of a person at Cosmetique with whom he could discuss the proposal. Jones responded that Jones was authorized to speak on Cosmetique's behalf, and that Pappas should negotiate the transaction solely through him. Jones,

however, had no such authorization from Cosmetique, and he was not Cosmetique's agent.

Several days later, Jones called Cosmetique's Chief Marketing Officer, Tony Abate. Jones told Abate that Brylane was Jones's client, and that he had an idea for a possible transaction between Brylane and Cosmetique. However, Brylane was not Jones's client, and Jones was not authorized to speak on Brylane's behalf.

Based upon these representations by Jones, Cosmetique and Brylane allowed Jones to conduct negotiations between them. On August 13, 2003, Cosmetique and Brylane entered into an agreement, under which Brylane would offer certain of Cosmetique's products for sale through a telemarketing program, and Cosmetique would fulfill the orders. On December 2, 2003, Cosmetique paid Jones a commission of $28,310.45. As of the date of the filing of the complaint, Brylane was continuing to sell Cosmetique's products, and Cosmetique was continuing to fulfill the orders.

On February 27, 2004, Cosmetique filed a declaratory judgment action in the Circuit Court of Lake County, Illinois. Cosmetique's original complaint sought a declaratory judgment that neither Jones nor RHJA was the procuring cause of the agreement between Cosmetique and Brylane, that no contract exists between Cosmetique and either Jones or RHJA in relation to the sale of Cosmetique's products, and that neither Jones nor RHJA is entitled to be paid commissions for the past or future sales of Cosmetique's products through Brylane. Cosmetique later amended its complaint to also seek a judgment against Jones in the amount of the commission already paid to him.

According to defendants, on March 12, 2004, Jones and RHJA brought an action in diversity against Cosmetique in the United States District Court for the District of Connecticut,

alleging breach of contract, promissory estoppel, quantum meruit, unjust enrichment, interference with prospective advantage, and a violation of the Connecticut Unfair Trade Practices Act. Jones and RHJA seek a judgment in the amount of at least ten percent of the net sales revenues under the Cosmetique-Brylane agreement (less the $28,310.45 already paid to them), and a declaratory judgment that they are entitled to ten percent of future net sales revenues.

On May 3, 2004, Jones and RHJA removed the case pending in the Circuit Court of Lake County to this court. They now move to transfer this action to the United States District Court for the District of Connecticut.

A district court may transfer a civil action to any other district where the case otherwise might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that the transferee forum is clearly more convenient. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).

Here, neither party disputes that venue is proper in the Northern District of Illinois. In addition, venue is proper in the District of Connecticut, since defendants reside there. See 28 U.S.C. 1391(a). For the same reason, jurisdiction over defendants is proper in the District of Connecticut.[1] Accordingly, plaintiff could have brought this case in the District of Connecticut.

The court turns to the question of the convenience of the parties and witnesses. In evaluating the convenience of the parties and witnesses, the court considers plaintiff's choice of forum, the location of the material events, the residence of the parties, the parties' relative

---

[1] The parties discuss in their briefs whether there is personal jurisdiction over plaintiff in the District of Connecticut. However, that discussion is irrelevant to the issue of whether plaintiff could have brought this action in the District of Connecticut.

abilities to bear the expense of a trial in a particular forum, and the relative ease of access to evidence and witnesses in each forum. Moore v. AT & T Latin Am. Corp., 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001).

A plaintiff's choice of forum is entitled to substantial weight, especially if it is the plaintiff's home forum. Institute for Human Potential, Inc. v. Dr. John T. McDonald Found., Inc., No. 00 C 6272, 2001 WL 709458, at *2 (N.D. Ill. June 25, 2001). Here, plaintiff chose to file this action in Illinois, its home forum. In addition, at least some of the events material to this action occurred in Illinois, including meetings between Jones, Cosmetique, and Brylane, and payment of the commission to Jones. The residence of the parties favors neither side, since plaintiff is located in Illinois, and defendants are located in Connecticut. The parties have offered no evidence of their relative abilities to bear the expense of a trial here or in the District of Connecticut.[2]

On the other hand, the relative ease of access to evidence and witnesses in Connecticut weighs heavily in favor of transfer. Defendants name seven non-party witnesses (mostly Brylane employees), who are New Yorkers subject to the subpoena power of the District of Connecticut, but not subject to the subpoena power of this court. One of these seven – Milton Pappas – is undisputedly a key witness. Plaintiff names only one non-party witness who would be subject to the subpoena power of this court, but not the subpoena power of the District of Connecticut: former Cosmetique executive Tony Abate. Plaintiff acknowledges, however, that Abate is obligated to cooperate with plaintiff pursuant to a severance agreement, and does not assert that

---

[2] Jones states in an affidavit that he and RHJA "would be severely burdened by litigation in Illinois," because "RHJA is a much smaller concern than Cosmetique, a multimillion dollar corporation." Defendants have supplied no evidence in support of this conclusory statement.

4

Abate has indicated that he would refuse to appear in Connecticut voluntarily. Thus, it is possible that no subpoena would be necessary to secure Abate's live testimony, even in Connecticut. Moreover, many relevant documents are in the possession of Brylane in New York, and thus would be more conveniently accessed from Connecticut than Illinois.

In addition, the interests of justice support transfer. In determining the interests of justice, the court should consider the feasibility of consolidation with related litigation, the speed at which the case will proceed to trial, and the court's familiarity with the applicable state law. See Coffey, 796 F.2d at 221.

The central claim in Cosmetique's action here seeks a declaratory judgment that it is not liable to pay commissions to Jones and RHJA;[3] it is a mirror image of Jones's and RHJA's action in the District of Connecticut seeking damages for breach of contract relating to Cosmetique's failure to pay Jones and RHJA commissions. When mirror-image actions are filed, the general rule favors the forum of the first-filed suit. See Schwarz v. National Van Lines, Inc., No. 03 C 7096, 2004 WL 432483, at *2 (N.D. Ill. Feb. 24, 2004). The Seventh Circuit has never rigidly applied this "first to file" rule, however, and it disfavors applying the rule where, like here, a declaratory judgment action is filed in anticipation of litigation by the other party. See NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577 (7th Cir. 1994); Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir. 1987). This factor supports transfer of this case to the District of Connecticut for consolidation with the case pending there.

---

[3] Cosmetique's claim for a monetary judgment against Jones in the amount of the commission paid to him was added two months after the declaratory judgment action was filed, and days before the action was removed to this court.

Statistics published by the Administrative Office of the United States Courts indicate that the median time from filing to trial in 2003 was 26 months in the Northern District of Illinois, and 30 months in the District of Connecticut. The median time from filing to disposition in 2003 was 5.5 months in the Northern District of Illinois, and 10.5 months in the District of Connecticut. This difference weights against transfer, but the court does not find it to be significant enough to outweigh the factors in favor of transfer.

The parties disagree as to whether Illinois or Connecticut state law applies in this case, but fail to provide a thorough, meaningful analysis of the issue in their briefs. However, the parties do not argue that this dispute would be resolved differently depending on which state's law applies. Nor do the parties argue that Illinois law is so complex or unsettled as to be beyond the ability of a federal court in Connecticut to apply, or that Connecticut law is so complex or unsettled as to be beyond the ability of this court to apply. Accordingly, this factor neither favors nor disfavors transfer.

In summary, the court concludes that the convenience of the witnesses, and relative ease of access to witnesses and evidence, are determinative in this case, and require transfer of this action to the District of Connecticut. In addition, as discussed above, the interests of justice support transfer.

**ORDERED:** Defendants' motion to transfer venue [5-1] is granted.

ENTER:

_George W. Lindberg_
George W. Lindberg
Senior U.S. District Judge

DATED: **JUN 3 0 2004**